UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | 11 Cr. 676 (RJS) |
| EDWIN RUIZ, | : | |
| Defendant. | : | |

------------------------------------------------------------x


THE GOVERNMENT'S SENTENCING SUBMISSION


        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007

Alvin Bragg
Sarah Paul
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on July 13, 2012. The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission. The Government and the defendant entered into a plea agreement that stipulated that the Guidelines range is 97 to 121 months' imprisonment (the "Stipulated Guidelines Range"). The Probation Office calculated that the Guidelines range is 108 to 135 months' imprisonment.[1] The defendant requests a sentence of 60 months' imprisonment, which is the mandatory minimum term of imprisonment. The Government respectfully submits that a sentence within the Stipulated Guidelines Range would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

### A.   The Indictment and The Offense Conduct

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections

---

[1] As discussed in greater detail below, the Guidelines range in the Presentence Investigation Report ("PSR") is higher than the Stipulated Guidelines Range, because the Probation Office correctly applied two additional, criminal history points as a result of the fact that the defendant was on probation for a state offense at the time of the instant offense. While the Government requests a sentence within the Stipulated Guidelines Range (and not the higher Guidelines range set forth in the PSR) the Government believes that the defendant's commission of the instant offense while he was on probation is a relevant fact that the Court should consider.

846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).  The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011.  The defendant pled guilty to the lesser included offense of conspiracy to distribute and possess with the intent to distribute 100 grams and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from Ismael Canales, the defendant's co-defendant, of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including statements by Ruiz about drug transactions; and (3) execution of search warrants for the apartments of Canales, Jonathan Rodriguez, and two other co-defendants, Jose Medina and Javier Delarosa.  At the residences of Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Canales' residence.  Ruiz's primary role in the conspiracy was to purchase heroin from Canales and Rodriguez and resell it to street-level purchasers.  (PSR ¶¶ 20, 21.)

**B.     The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") found that the defendant's base offense level is 32, since the defendant is attributed with conspiring to distribute at least 1 kilogram but less than 3 kilograms of heroin.  (PSR ¶ 34.)  The Probation Office

deducted three points for acceptance of responsibility and, thereby, arrived at a final offense level of 29. (Id. ¶¶ 40, 43.) These calculations were the same as the ones the parties agreed to in the defendant's plea agreement.

The Probation Office also determined that the defendant has four criminal history points and is in Criminal History Category III. (Id. ¶ 53.) It applied one point apiece for a conviction in 2005 for possession of a forged instrument and a conviction in 2007 for attempted criminal sale of a controlled substance. (Id. ¶¶ 47, 49.) The latter conviction arose from Ruiz's sale of a controlled substance to an undercover officer in March 2006. (Id. ¶ 50.) Ruiz was sentenced principally to five years' probation for this conviction, and he was still on probation at the time of the instant offense. As a result, the PSR applied an additional two criminal history points pursuant to Section 4A1.1(d) of the Guidelines. (Id. ¶ 52.) The Guidelines range for an offense level of 29 and a Criminal History Category of III is 108 to 135 months' imprisonment. (Id. ¶ 94.)

The plea agreement assessed the defendant two criminal history points for his convictions, but it incorrectly did not apply the additional two points that resulted from the fact that the defendant was on probation while he committed the instant offense. As a result, the plea agreement placed the defendant in Criminal History Category II and, with an offense level of 29, arrived at the Stipulated Guidelines Range of 97 to 121 months' imprisonment.

## DISCUSSION

A.     **Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)    to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**    **A Sentence Within The Stipulated Guidelines Range Is Appropriate**

      The defendant participated in a significant drug trafficking conspiracy. He purchased large quantities of heroin from Canales and Rodriguez and then distributed this heroin to street-level dealers. While the Government is not aware of any specific acts of drug-related violence by the defendant, drug trafficking is inherently dangerous conduct and, here, a firearm was recovered during the search of the residence of one of his co-conspirators. Further, this conviction is Ruiz's second drug-related conviction; he was convicted in 2007 for attempted criminal sale of a controlled substance and he was on probation for that crime when he engaged in the instant offense conduct. The Government thus respectfully suggests that a sentence within the Stipulated Guidelines Range is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Stipulated Guidelines Range, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg/Sarah Paul
Assistant United States Attorneys
Tel.: (212) 637-1085/2326